## JOHN VENDERHIDE *v.* COMMONWEALTH.

**Criminal Law—Murder.**

It is not error to overrule an application for a continuance of a murder trial made by the accused to another term of the court, when much less time would be required to prepare his defense; nor is it error to refuse an application for a continuance on account of an absent witness where it does not appear that the facts sought to be proven by him are material, and where the accused is not injured in his defense by the fact that such witness does not attend or testify.

APPEAL FROM SHELBY CIRCUIT COURT.

December 16, 1880.

OPINION BY JUDGE COFER:

At the last September term of the Shelby Circuit Court the appellant was found guilty of the murder of Rebecca Johnson on the 21st day of July last, and sentenced to be hanged. He was defended by counsel assigned by the court, and they prosecute this appeal for their client in the hope that they may in a manner compatible with law save him from the awful doom which otherwise awaits him.

They urge but a single point, viz.: That the court erred in overruling a motion for a continuance of the prosecution. This was asked upon two grounds: 1. That his first appearance to the indictment was on September 13, when, having no counsel, counsel were assigned him by the court; that he was on the same day remanded to prison in Frankfort, thirty-seven miles from the place where his counsel resided; that he had no money to pay the expenses of his attorneys from their homes to the place where he was confined; that he had been kept there until the day preceding that on which his motion was made and had no sufficient opportunity to confer with his counsel; that there were various matters connected with his

defense which he had no opportunity of communicating to his attorneys, and which it would be improper to state in the affidavit; and that he believed that in consequence of these facts his attorneys could not possibly have prepared his defense in a proper manner, and that he could not safely go to trial.

He further stated that he was informed that testimony would be offered by the commonwealth to show that, on the morning the deceased was killed, he (the prisoner) went through the town of Brownsboro in the direction of the place where the killing occurred; that he then had on a shirt; that in a short time he returned to Brownsboro and then had on no shirt; that a shirt was afterward found hidden near the place where the deceased was killed; and that he was informed he could prove by one, Joseph Hightsman, who lived in Jefferson county, that when he (the prisoner) returned to Brownsboro he had on a shirt.

The court awarded an attachment against Hightsman returnable forthwith, and overruled the motion for a continuance to which the prisoner excepted. At the conclusion of the evidence for the commonwealth Hightsman was not present, and it appeared that a special bailiff sent after him had not been able to find him; and the prisoner then again asked the court to continue the cause, or to require the attorney for the commonwealth to admit that the fact which he had stated in his affidavit he could prove by Hightsman was true.

The court overruled both these motions and the prisoner again excepted. .It was not necessary that the cause should be continued until another term in order to enable the prisoner to confer with his counsel. This could have been done in a much shorter time, and we do not doubt that the court would have allowed a reasonable time for that purpose if asked to do so. *Gambrel v. Commonwealth,* 23 Ky. L. 502.

The evidence for the commonwealth conduced to show that the prisoner passed through the town of Brownsboro early on the morning on which the deceased was killed, going in the direction in which her body was found, and that he then had his coat on his arm and had on a shirt. It also showed that some hours later he returned to Brownsboro, and then had on a coat which was buttoned up and had a handkerchief around his neck.

While there he made inquiries of Joseph Hightsman, and then went toward Beards Station, where he was arrested, and it was at

that place, and not at Brownsboro, at which the commonwealth's evidence conduced to prove he did not have a shirt on.

In view of this evidence it was not material whether he had on a shirt when he returned to Brownsboro or not, and he was not prejudiced by the absence of Hightsman, or by the refusal of the court to require the attorney for the commonwealth to admit the truth of the statement in the affidavit as to what Hightsman would swear.

The evidence, although entirely circumstantial, was so conclusive as to leave no room for any doubt of his guilt, and we are therefore compelled to *affirm* the judgment.

Judge Hargis dissenting.

*Ben S. Robbins, D. H. French, for appellant.*

*P. W. Hardin, for appellee.*